IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBBIE WASHINGTON :

:

v. : Civil Action No. DKC 13-0339

:

PATRICK R. DONAHOE, et al. :

:

**MEMORANDUM OPINION AND ORDER**

On January 10, 2013, Plaintiff Debbie Washington, proceeding *pro se*, commenced this action against the United States Postmaster General and numerous other defendants in the United States District Court for the District of Columbia. By an order of the same date, the case was transferred, *sua sponte*, to this district. Plaintiff's motion for leave to proceed *in forma pauperis* was granted on February 7 and summonses were issued. On February 22, Plaintiff filed an amended complaint, naming four additional defendants. Summonses were issued for those defendants, as well as the United States Attorney General and United States Attorney, on April 3. On May 16, four defendants associated with the National Association of Letter Carriers ("NALC") or NALC Branch 142 filed a joint motion for extension of time in which to respond to the complaint. That motion was granted on the same date. On May 19, Plaintiff filed the pending motion for reconsideration of the order granting the

extension. She appears to take issue with a statement in Defendants' motion to the effect that they attempted to contact her to gain her consent to an extension prior to filing their motion. According to Plaintiff, "I have provided the defendants and their counsel with my correct address and no one has tried [or] attempted to contact me." (ECF No. 36, at 1-2).

Motions seeking reconsideration of non-final, interlocutory orders are properly considered under Fed.R.Civ.P. 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The precise standard governing a motion for reconsideration of an interlocutory order is unclear. Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005). The *Akeva* court recognized that

> [p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)).

Plaintiff has not specifically addressed any of the grounds for reconsideration, nor does any appear to apply. Moreover, she has not identified any prejudice inuring to her as a result of the extension, and the fact that she did not receive mail from Defendants does not mean that they did not attempt to contact her. Indeed, counsel has filed a declaration in support of Defendants' opposition papers documenting the efforts taken to make contact with Plaintiff. These efforts satisfied Defendants' obligations under Local Rule 105.9.

Accordingly, it is this 8th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 36) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendants and directly to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge