IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBBIE WASHINGTON                :

   v.                            :   Civil Action No. DKC 13-0339

PATRICK R. DONAHOE, et al.       :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case are six motions. Plaintiff Debbie Washington filed a motion for an *ex parte* hearing (ECF No. 42), and two motions to amend her pleadings (ECF Nos. 46 and 53). Defendant Ellen S. Saltzman filed a motion to dismiss. (ECF No. 21). Defendant Patrick R. Donahoe, Postmaster General of the United States, filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 39). Finally, Defendants Alton Branson, Timothy W. Dowdy, Robert Harnest, William Jacobs, and Robert Williams filed a motion to dismiss. (ECF No. 47). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, one of Plaintiff's motions to amend the pleadings will be granted and the other will be denied as moot. Plaintiff's motion for an *ex parte* hearing will be denied. Defendants' motions will be granted.

**I.  Background**

The following facts are either set forth in the complaint, evidenced by documents referenced or relied upon in the complaint, or are matters of public record of which the court may take judicial notice.[1]

Plaintiff was a mail carrier for the United States Postal Service ("USPS") and a member of the local chapter of the National Association of Letter Carriers ("NALC"), a union.  On June 30, 1989, she injured her knee on-the job.  She applied for, and was granted, workers' compensation benefits.  Her last day at work was August 22, 2000, although she remained an employee of USPS for many years after.

On February 28, 2009, USPS involuntarily reassigned Plaintiff because of her long term absence.  Plaintiff filed a grievance which was resolved by the USPS-NALC Dispute Resolution Team in her favor, finding that Plaintiff cannot be denied the right to work based solely on her long term absence.  The

---

[1] "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage," the court may consider such evidence where the plaintiff has notice of it, does not dispute its authenticity, and relies on it in framing the complaint.  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2002); *see also Douglass v. NTI-TSS, Inc.*, 632 F.Supp.2d 486, 490 n.1 (D.Md. 2009).  Here, Defendants have attached documents pertaining to an arbitration hearing concerning Plaintiff.  These documents are referenced or relied upon by the complaint.  In her opposition papers, Plaintiff does not challenge the authenticity of the attached documents.  Thus, the court may consider them in resolving the pending motions to dismiss.

decision stated that Plaintiff shall be allowed to return to work once she submits the proper documentation to determine in what capacity she should be returned.

USPS terminated Plaintiff's employment on September 4, 2009 for "Unacceptable Attendance/Failure to be Regular in Attendance/Absence without Permission." Plaintiff received her termination notice on September 9, 2009. Per the terms of the contract between USPS and NALC, Plaintiff had fourteen days to file a grievance, *i.e.*, September 23, 2009. The notice of removal letter sent to Plaintiff set forth the fourteen-day deadline. Plaintiff first told her Shop Steward that she wanted to file a grievance on September 28, 2009. On March 19, 2010, an arbitration hearing before Defendant Ellen Saltzman was held as to whether USPS had just cause to terminate Plaintiff's employment. The hearing was bifurcated, with Arbitrator Saltzman first hearing argument as to whether the grievance was filed timely. In an opinion dated May 23, 2010, Arbitrator Saltzman found that the grievance was filed untimely and dismissed the case.

Further, Saltzman found undisputed that the Union was diligent in bringing forth Plaintiff's grievance once it received notice from Plaintiff that she wished to proceed. Arbitrator Saltzman held that USPS and the Union came to a contractual agreement concerning the deadline for filing

grievances which USPS had not waived in this case. Consequently, she was bound to effectuate the contract and dismiss the grievance. (ECF No. 21-4). Plaintiff's termination became effective on June 23, 2010.

Plaintiff also filed a complaint with USPS's Equal Employment Opportunity ("EEO") office, alleging that USPS subjected her to discrimination on the bases of race, sex, religion, color, physical disability, age, and reprisal for prior EEO activity when, since 2000, USPS allegedly denied her a reasonable accommodation by preventing Plaintiff from working since 2000 and placing Plaintiff in an unassigned position. Following informal counseling, USPS closed the case and gave Plaintiff a Notice of Right to File ("NORF"). Per federal law, Plaintiff's deadline to file a formal complaint was fifteen days after receiving the NORF. Her complaint was filed on September 11, 2009, approximately forty-five days after she received her NORF. USPS dismissed the complaint because Plaintiff was untimely. Plaintiff appealed that decision to the EEOC's Office of Federal Operations ("OFO"), which upheld USPS's decision on July 1, 2011. (ECF No. 39-1, at 9-11). Plaintiff requested reconsideration. In an opinion dated November 20, 2012, OFO denied reconsideration, finding that Plaintiff provided no new evidence or information to establish that their prior decision

involved a clearly erroneous interpretation of material fact or law.  (*Id.* at 12-13).

On January 10, 2013, Plaintiff filed a *pro se* complaint in the United States District Court for the District of Columbia.  (ECF No. 1).  Plaintiff's complaint is unclear as to her claims against the multiple Defendants, but it appears that she is contending that her employment termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  On January 30, 2013, the D.C. District Court transferred the case to this court, finding that the venue provisions of Title VII make this court the proper venue.  (ECF No. 4).  Plaintiff was granted leave to proceed *in forma pauperis* on February 7, 2013.  (ECF No. 6).  Plaintiff filed an amended complaint on February 22, 2013.  (ECF No. 9).  Her amended complaint adds Defendants Saltzman, Branson, Dowdy, Harnest, Jacobs, and Williams.  Her claim against Defendant Saltzman appears to be that she conducted the arbitration hearing in an unfair manner because Plaintiff was not allowed to present personally her position, instead only her union representatives were allowed to speak.  Finally, Plaintiff appears to claim that Defendants Jacobs, Harnest, Dowdy, Williams, and Branson), as her union representatives ("Union Defendants"), did not properly represent her in her grievance hearing.

On May 9, 2013, Defendant Saltzman filed a motion to dismiss. (ECF No. 21). Defendant Donahoe filed a motion to dismiss or, in the alternative, for summary judgment on June 17, 2013. (ECF No. 39).[2] The Union Defendants filed a motion to dismiss on July 15, 2013. (ECF No. 47). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff on the same day of each of these filings, notifying her that a dispositive motion had been filed and that she was entitled to file opposition material or risk entry of judgment against her. (ECF Nos. 22, 40, 48). Plaintiff opposed Defendant Saltzman's motion on May 29, 2013 (ECF No. 35); Defendant Donahoe's motion on July 5, 2013 (ECF No. 43); and the Union Defendants' motion on August 1, 2013 (ECF No. 52). Defendant Saltzman and the Union Defendants filed replies on June 13, 2013 and August 15, 2013, respectively. (ECF Nos. 38 and 54). Defendant Donahoe did not elect to file a reply.

---

[2] Plaintiff also listed Prince Jones, Nigel McClean, Annetta Wallace, Toni Grier, Frances C. Lamer, Jennifer Green, Rochell Talley, William Mooney as Defendants. Defendants Jones, McClean, and Green are current USPS employees and are being represented by Postmaster Donahoe. Defendants Wallace, Strugell, Grief, Lamer, and Talley are retired employees of USPS. Defendant Donahoe does not represent them. Defendant Donahoe states that Defendant Mooney is a union official. (*See* ECF No. 39, at 1 n.1). This does not seem to jibe with the summons which was successfully delivered to "William Mooney, U.S. Postal Service." (ECF No. 14). In any event, as will be discussed in section III.E, Plaintiff's claims as to these Defendants will be dismissed.

6

Plaintiff's motions include one motion for an *ex parte* hearing filed on July 5, 2013 (ECF No. 42), and two motions to amend her pleadings, filed on July 10, 2013 and July 15, 2013. (ECF Nos. 46 and 47). The only opposition to any of these motions was filed by Defendant Saltzman in opposition to Plaintiff's motion for an *ex parte* hearing. (ECF No. 44).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v.*

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

    **A.    Plaintiff's Motions**

Plaintiff requests an *ex parte* hearing because she never received Defendant Saltzman's reply brief. She contends that Defendants are playing games with her and requests an *ex parte* hearing. (ECF No. 42). Defendant Saltzman contends that her reply brief was in fact mailed to Defendant but, in any event, Saltzman promptly mailed Plaintiff another copy. (ECF No. 44). Plaintiff has not indicated that she did not receive this filing. This dispute does not constitute grounds for an *ex parte* hearing and Plaintiff's motion will be denied.

Plaintiff's motions to amend the pleadings are in fact the same document that was either submitted twice or inadvertently docketed twice. Plaintiff seeks to add two documents: (1) a letter from the EEOC to Plaintiff dated February 9, 2012

acknowledging that it has received Plaintiff's documentation regarding a notice of intent to file a civil action against USPS pursuant to the Age Discrimination in Employment Act; and (2) a legal notice that Plaintiff is a potential class member eligible for monetary compensation in the settlement reached in the case of *Walker v. Donahoe*, EEOC Case No. 541-2008-00188X. (ECF No. 46). No Defendant has objected to Plaintiff's proposed additions to the record. Additionally, Plaintiff's second requested addition – the class action settlement notice – has already been provided by Plaintiff in her opposition. (ECF No. 43-1, at 5). Consequently, one motion to amend will be granted and the other denied as moot.

**B. Defendant Saltzman's Motion to Dismiss**

Defendant Saltzman served as the arbitrator between USPS and Plaintiff concerning whether USPS's termination of Plaintiff's employment was with just cause. Following a hearing on March 19, 2010, Saltzman ruled that Plaintiff's grievance was filed untimely and consequently dismissed the grievance. (ECF No. 21-4). Plaintiff argues that Defendant Saltzman presided over an unfair arbitration because she "had really no one to talk up on my behalf because [Defendant] Harnest refused to remove himself after he had injured his head in a fall. [Saltzman] was very upset with him saying the same thing over and over again," and that Plaintiff was not allowed to say

9

anything. (ECF No. 9 ¶¶ 56 and 58). Defendant Saltzman argues that – as an arbitrator – she was acting in a quasi-judicial capacity, deciding the narrow issue of the timeliness of Plaintiff's grievance filing. Accordingly, Defendant Saltzman argues that she is entitled to immunity and Plaintiff's claims should be dismissed with prejudice.

Plaintiff's opposition does not address Defendant's assertion of arbitral immunity, instead arguing that Defendant Saltzman presided over an unfair arbitration hearing by denying Plaintiff the opportunity to speak.

Neither the Supreme Court of the United States, the United States Court of Appeals for the Fourth Circuit, nor this district have adopted the doctrine of arbitral immunity. While every other circuit that has considered the issue has recognized the doctrine, *see Pfannensteil v. Merrill Lynch*, 477 F.3d 1155, 1158-59 (10th Cir. 2007) (collecting cases), it is not necessary to reach the existence of the doctrine and its applicability to this case given other deficiencies in Plaintiff's amended complaint.

Even if Defendant Saltzman conducted the hearing in an unfair manner, Plaintiff's amended complaint fails to demonstrate how Saltzman's alleged improper management of the proceedings caused her harm. Plaintiff's grievance was dismissed on the narrow issue of its untimeliness. Nowhere in

Plaintiff's filings does she dispute that finding. Even if Defendant Saltzman was required to let Plaintiff speak – as opposed to her NALC representatives – Plaintiff gives no indication what information she would have provided that would have led to a different outcome. Plaintiff's discussion of USPS intimidating her NALC representatives or Defendant Harnest being an inadequate representative is immaterial to whether Plaintiff filed her grievance timely. That fact is not disputed. Consequently, Plaintiff has failed to state a claim against Defendant Saltzman. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### C. USPS's motion to dismiss

Giving *pro se* Plaintiff's complaint a liberal reading, she appears to be claiming that Defendant USPS defamed her, obstructed justice, denied due process, and discriminated against her on multiple bases in the form of a failure to accommodate and wrongful termination.

To the extent Plaintiff is seeking damages for a tort through the Federal Tort Claims Act ("FTCA"), such an action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Such a claim is deemed presented to USPS when it receives an executed Standard Form 95 or other written

notification of an incident, accompanied by a claim for money damages in a sum certain. 39 C.F.R. § 912.5(a). The filing of an administrative claim is a jurisdictional prerequisite and may not be waived. *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986).

USPS has provided a declaration from Elinor G. Brown, a paralegal specialist with USPS. Ms. Brown declares that Plaintiff has not filed any tort claims against USPS. (ECF No. 39-1 ¶ 4). Plaintiff does not dispute this assertion. Accordingly, to the extent Plaintiff's claim against Defendant USPS for damage or injury sounds in tort, she has failed to fulfill the FTCA's jurisdictional prerequisite. Furthermore, to the extent Plaintiff claims that Defendant USPS defamed her, such claims are not cognizable. *See* 28 U.S.C. § 2680(h) (excepting any claim arising out of libel or slander from the FTCA).

In terms of Plaintiff's employment discrimination claims, a federal employee must file a formal complaint with her agency within fifteen days of receiving the right to do so. 29 C.F.R. § 1614.106(b). Failure to file a formal complaint within the fifteen-day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal. *See Moret v. Harvey,* 381 F.Supp.2d 458, 467 (D.Md. 2005).

Documents provided by USPS indicate that Plaintiff initially contacted USPS's EEO office on April 27, 2009. Her case was closed on July 22, 2009, at which point she was given a Notice of Right to File a formal complaint ("NORF"). (ECF No. 39-1, at 5-6). Documents provided by both USPS and Plaintiff indicate that Plaintiff received the NORF on July 25, 2009. That puts the fifteen-day deadline to file a formal complaint at August 10, 2009.[3] Plaintiff did not file her complaint until September 11, 2009, approximately forty-five days after she received her NORF. USPS denied her employment discrimination claims because she failed to meet this deadline, a decision upheld twice by EEOC-OFO. (ECF No. 39-1, at 9-13). Plaintiff does not dispute the untimeliness of this filing. Consequently, the record demonstrates that Plaintiff has failed to exhaust administrative remedies with respect to her employment discrimination claims and these claims will be dismissed.[4]

Finally, to the extent Plaintiff asserts that USPS is to blame for her unfavorable arbitration, that claim is also time-barred. In *DelCostello v. Teamsters*, 462 U.S. 151 (1983), the Supreme Court held that an employee may bring suit against an

---

[3] Fifteen days from July 25, 2009 would be August 8, 2009, a Saturday.

[4] Plaintiff has not claimed – nor has she provided any documents to indicate – that she is bringing a civil action for employment discrimination claims beyond those documented in her September 2009 claim.

13

employer and his union, notwithstanding the outcome or finality of any grievance or arbitration proceeding, but the statute of limitations for bringing such claims is six months from the date of the allegedly unfair labor practice. Filing a parallel action with the National Labor Relations Board does not toll the six-month time period. *Kolomick v. United Steelworkers of Am., Dist. 8, AFL-CIO*, 762 F.2d 354, 356-57 (4th Cir. 1985). Here, the arbitrator's decision was issued on May 23, 2010. Plaintiff was removed from USPS's employ effective June 23, 2010. Consequently, Plaintiff's deadline to file a claim of unfair labor practice was December 2010 at the latest. Plaintiff filed her claim in federal district court on January 10, 2013. Therefore, her claim for unfair labor practice against Defendant USPS is time-barred and will be dismissed.

**D. Union Defendants' Motion to Dismiss**

Plaintiff alleges that the Union Defendants failed adequately to represent her during the grievance proceeding. A union owes its members a duty of fair representation in grievance proceedings, *Vaca v. Sipes*, 386 U.S. 171, 177 (1967), but a breach of this duty is also governed by the six-month statute of limitations laid out in *DelCostello*. As discussed above in the context of Plaintiff's claims against Defendant USPS, the latest deadline to file a claim for breach of duty of fair representation was December 2010. Plaintiff filed over two

years late.  Consequently, her claims against the Union Defendants are time-barred and will also be dismissed.

**E.   Remaining Defendants**

No motions have been brought on behalf of Defendants Annetta Wallace, Toni Grier, Frances C. Lamer, Rochell Talley, and William Mooney.  USPS represented that Mr. Mooney is a union official and the others are retired USPS employees not currently represented.  As discussed in footnote 1, Mr. Mooney appears to be either a current or former USPS employee.  In any event, all of Plaintiff's allegations against these Defendants – to the extent she specifies the alleged wrongful actions of individual Defendants – encompasses the same set of claims that were found to be time-barred in the preceding sections.

Plaintiff is proceeding *in forma pauperis* pursuant to § 1915.  Accordingly, "a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense."  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).  Consequently, Plaintiff's complaint as to these Defendants will be dismissed as well.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for an *ex parte* hearing will be denied.  Plaintiff's motion to amend the

15

pleadings will be granted.  Defendants' motions to dismiss will be granted.  A separate order will follow.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge