IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBBIE WASHINGTON     :

            :

 v.        :  Civil Action No. DKC 13-0339

            :

PATRICK R. DONAHOE, et al.

            :

**MEMORANDUM OPINION**

Plaintiff Debbie Washington, a former employee of the United States Postal Service ("USPS"), commenced this action on January 10, 2013, against her former employer, many of her USPS supervisors, leaders of the postal workers' union, and an arbitrator (collectively "Defendants"), claiming that Defendants violated Title VII, the Rehabilitation Act, and the duty of fair representation. By memorandum opinion and order, the court granted Defendants' motions to dismiss and dismissed Plaintiff's complaint on December 12, 2013. (ECF Nos. 56 and 57). On December 27, 2013, Plaintiff filed the pending motion for reconsideration. (ECF No. 58).

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting such a motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*citing Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (*quoting* 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2[d] ed. 1995)).

Plaintiff's numerous claims were dismissed because: (1) she failed to state a claim against the arbitrator; (2) she failed to exhaust administratively her Federal Tort Claims Act and employment discrimination claims against USPS and its employees; and (3) her claims against USPS, its employees, and her union were barred by the statute of limitations.  Plaintiff's motion to reconsider fails to present any evidence that the law resulting in these conclusions has since changed or that the court got the law clearly wrong.  Plaintiff has also failed to bring forth any evidence not previously available that addresses the procedural deficiencies highlighted in the December 12, 2013 opinion.  Instead, Plaintiff contends – for the first time – that Defendants have engaged in embezzlement, conversion of property, and trespass against title.  Plaintiff is doing

nothing more than attempting to relitigate her case, raising arguments that could have been raised prior to the entry of judgment. Consequently, her motion for reconsideration will be denied.[1] A separate Order will follow.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff requests that if the motion for reconsideration is not granted, that the court give her a "right to appeal." An appeal from this judgment is governed by the Federal Rules of Appellate Procedure and the Local Rules of Appellate Procedure for the United States Court of Appeals for the Fourth Circuit.